premises No. 268 Third avenue, under a written lease. The defense is a claim of surrender and acceptance. Defendant says that, with the full consent and approval of plaintiff, he assigned the lease to a third party, who became tenant of the place instead of the defendant; that the plaintiff made another lease to the third party, commencing at the expiration of defendant's lease; and that the third party, with the full consent of plaintiff, took an assignment of the remaining period of defendant's lease, so that he (the third party) could enter at once into possession of the premises. The plaintiff denies this claim of surrender and acceptance, and swears that he never released defendant from the lease. There is no evidence that between the time of the alleged assignment by the defendant to the third party, in March, 1901, and July, 1901, the rent was paid by this third party and not by defendant, as would, in all probability, have been the case, had this third party been substituted as tenant in place of defendant with plaintiff's consent. There is a very sharp conflict of evidence; but, as the justice has found in favor of the plaintiff, we are not disposed to disturb his decision. The case was tried without a jury, and the exceptions to rulings on the admission and exclusion of evidence are not of sufficient weight to warrant a reversal. The judgment should be affirmed, with costs. Judgment affirmed, with costs. All concur.

---

ROSENTHAL, Appellant, v. GOODMAN, Respondent. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by Charles Rosenthal against Michael Goodman. No opinion. Appeal withdrawn by consent of parties.

---

ROWE, Respondent, v. POLLAK, Appellant. (City Court of New York, General Term. October, 1901.) Action by Emil W. Rowe against Markus Pollak. Albert Phillips, for appellant. Weil, Wolf & Kramer, for respondent. No opinion. Order appealed from affirmed, with costs.

---

RUBENS, Respondent, v. OSFER, Appellant. (Supreme Court, Appellate Term. October, 1901.) Action by William Rubens against Samuel E. Osfer. Maurice J. Katz, for appellant. Bernstein, Horkimer & Rubenstein, for respondent.

GILDERSLEEVE, J. The pleadings are oral. The plaintiff sues as assignee of the claim of one Miller against defendant for work, labor, and services. The answer is a general denial. The facts as claimed by defendant are substantially as follows, viz.: The defendant was in partnership with his brother and one Titchenor, and, wishing to sell his one-third interest in the business, he engaged Miller, plaintiff's assignor, to find him a purchaser. Miller sent him one Smith, who would buy the defendant's one-third interest. Defendant's partner Titchenor, however, objected to the substitution of Smith for defendant as a partner. The defendant then told Miller he would give him $200 if he would procure the

consent of Titchenor. Miller suggested that one Bernstein would be more likely to reach Titchenor than he (Miller) was. Defendant then said that Miller could engage Bernstein's assistance, and pay him $100 out of the $200 that defendant was to pay Miller. This was agreed to, and Miller and Bernstein secured the consent of Titchenor. There is considerable dispute as to the facts, but enough appears from the testimony to warrant the justice in finding the preponderance of proof to be with the plaintiff. The defendant claims that plaintiff's title to the claim is defective. It will be remembered that the pleadings were oral, which accounts for the assignment of the claim not being set forth in the complaint. In the plaintiff's bill of particulars, however, it is set forth; also, the testimony of Miller at the trial shows that he assigned the claim to the plaintiff. This is sufficient to protect defendant from another suit on the same claim by Miller. However, it is pointed out that Bernstein asserts that he claims one-half of the $200 involved in the suit, and that there is no evidence of any assignment by Bernstein to the plaintiff. But the nature of Bernstein's claim is very clearly set forth in the testimony. Defendant was to pay Miller $200, out of which Bernstein was to receive from Miller $100. Plaintiff has been substituted in place of Miller, and Bernstein must look to plaintiff, and not to defendant, for his half interest in the $200 here sued for. The defendant will be entirely protected from the claims both of Miller and of Bernstein, without any assignment of the latter to the plaintiff, if, under the judgment in this action, he pays the $200 to the plaintiff. So far as the exceptions to the rulings of the justice are concerned, it will be remembered that the case was tried without a jury, and we do not think the alleged errors are of sufficient magnitude to warrant reversal. As the other causes of action originally sued upon were abandoned at the trial, we have not considered them or the testimony introduced in support of them. We have confined ourselves entirely to the cause of action upon which the judgment was rendered. The judgment is affirmed, with costs. All concur.

---

RUBINO, Appellant, v. KEARNEY, Respondent. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by George C. Rubino against Edward A. Kearney. No opinion. Judgment of the municipal court affirmed, with costs.

---

RUSSELL, Respondent, v. BLACK RIVER TRACTION CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by Edward C. Russell against the Black River Traction Company. No opinion. Judgment and order affirmed, with costs.

---

RYAN, Respondent, v. THIRD AVE. R. CO., Appellant. (City Court of New York, General Term. December, 1901.) Action by Dennis Ryan against the Third Avenue Railroad Company. Henry A. Robinson (John T. Little, of counsel), for appellant. Hardiman &